# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 12-103 |
| | ) | |
| TORY BRYANT, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion to Reduce Sentence – USSC Amendment §3582(c)(2) (Doc. 228) will be granted.

**Background**

On May 20, 2013, Tory Bryant ("Defendant") pleaded guilty to Count 2 (conspiracy to distribute 100 grams or more of heroin) and Count 3 (conspiracy to use, carry and possess a firearm in furtherance of a drug trafficking crime) of the Superseding Indictment against him. On October 3, 2013, this Court sentenced Defendant to 78 months in prison. (Doc. 174). The sentence was based on a determination that Defendant was accountable for at least 100 grams but no more than 400 grams of heroin, which corresponded with a base offense level of 26 under the guidelines applicable at the time of sentencing. PSIR, 9. Defendant's offense level was increased by two levels for his possession of a weapon in this case. Doc. 207 at 7:15-18. This Court lowered Defendant's offense level by three levels because of his acceptance of responsibility under Sections 3E1.1(a) and 3E1.1(b) of the Sentencing Guidelines, resulting in a total offense level of 25. Id. at 7:19-22. With a criminal history category of II, Defendant's guideline imprisonment range was 63-78 months. Id. at 8:3-6.

On August 6, 2015, Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c). (Doc. 228). Defendant argues that Amendment 782 applies and that, under the newly amended guidelines, Defendant's base offense level should be reduced from 25 to 23, resulting in a guideline imprisonment range of 51-63 months. Id. at ¶¶3-5. Defendant notes his offense of conviction is subject to a mandatory minimum term of 60 months. Id. at ¶5 (citing 21 U.S.C. § 841(b)(1)(B)(i). On August 19, 2015, the Government filed its Opposition to Defendant's motion, arguing that although it does not contest that Defendant is eligible for a sentence reduction pursuant to Amendment 782, it does not believe a reduction is appropriate in this case. (Doc. 230). On October 2, 2015, Defendant filed his reply. (Doc. 234).

**<u>Analysis</u>**

Amendment 782 to the United States Sentencing Guidelines amended Section 2D1.1 of the Guidelines to decrease base offense levels for drug offenses by two levels. The Amendment was made retroactive by the Sentencing Commission. The parties agree that Defendant is eligible for the two-level reduction, pursuant to Amendment 782. However, the Government argues a reduction is unwarranted due to public safety concerns posed by his early release. Doc. 230 at 4. Specifically, the Government urges this Court to exercise its discretion in denying the reduction based on Defendant's "criminal history, his knowing and voluntary participation in the drug conspiracy charged, and the danger that *any* early release of the defendant poses to the community." Id. In his reply, Defendant argues that (1) his criminal history is already incorporated into the sentencing guideline range by way of his criminal history category; (2) the Sentencing Commission and Congress, in enacting Amendment 782, have acknowledged that the sentencing scheme applied in Defendant's case was unduly harsh; and (3) courts in the Western

District of Pennsylvania have granted the two-level reduction for defendants with more violent criminal histories than Defendant. (Doc. 234 at ¶¶ 4-5 and 8.)

The Court is not persuaded that there are sufficient exceptional circumstances to justify a variance from the guideline range in this case. While Defendant is not entitled to a reduced sentence as a matter of right, the Court in its discretion finds that a reduced sentence to 63 months is appropriate in this case. One purpose of Amendment 782 was to address circumstances where the guideline range was well above statutorily imposed mandatory minimums. Such is the case here. Additionally, and as aptly noted by Defendant, Defendant's criminal history already is reflected in this amended sentence: by his criminal history score and subsequent category which in turn determine the appropriate guideline range. A sentence of 63 months complies with the newly calculated guideline range and the statutory minimum associated with Defendant's offense.

## II.  ORDER

Consistent with the foregoing, Defendant's Motion to Reduce Sentence – USSC Amendment §3582(c)(2) (Doc. 228) is GRANTED. Defendant's sentence is reduced to 63 months imprisonment.

October 26, 2015
s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record